**Abdoulaye SECK, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–4056.

United States Court of Appeals, Sixth Circuit.

March 11, 2004.

E. Dennis Muchnicki, Dublin, OH, for Petitioner.

James A. Hunolt, Emily A. Radford, U.S. Department of Justice, Office of Litigation, Washington, DC, for Respondents.

Before MARTIN and CLAY, Circuit Judges; and MILLS, District Judge.*

*ORDER*

Abdoulaye Seck, a citizen of Mauritania currently residing in Ohio, petitions

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

through counsel for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision denying his application for asylum, withholding of removal, and voluntary departure. Respondent has waived oral argument, and Seck's counsel did not respond to a request to show cause why oral argument would be necessary. This panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Seck was born in 1961 in Mauritania. He entered the United States in 1996 as a stowaway on a ship, and applied for the relief above. According to his application and testimony, Seck was arrested and taken to a prison camp in 1990 for eight months, where he was beaten and subjected to forced labor. He was again arrested in 1992 and imprisoned for three months, receiving similar treatment, and then forcibly expelled to Senegal. He lived with his sister in Gambia until coming to the United States. According to his testimony, he recently learned that his brother, who was in the military, had been accused of plotting a coup and executed, although he did not know when this allegedly took place. The immigration judge (IJ) who conducted the hearing in this matter concluded that Seck's story was not credible and not corroborated, that he had not established persecution based on one of the protected grounds, and that, alternatively, conditions in Mauritania had improved to the point where Seck need no longer fear persecution if he returns there. Accordingly, the IJ denied all of the relief requested. The Board of Immigration Appeals affirmed that decision, first mailing their order to Seck's counsel at his former address on May 2, 2002, and subsequently reissuing the decision to the correct address on August 30, 2002.

The parties were directed to address in their briefs whether the petition for review in this case, filed on September 23, 2002, was timely. Both parties agree, and we accept that, under the circumstances, the petition was timely filed from the correctly addressed, reissued decision. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258–59 (9th Cir.1996) (and cases cited). Seck argues that the IJ erred in making an adverse credibility finding against him.

■ In order to be entitled to the discretionary relief of asylum, an alien must establish that he suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, political opinion, or membership in a particular social group. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The IJ in this case found that Seck's testimony was not credible and not corroborated. The IJ's credibility determination is entitled to deference, and was explained by the inconsistencies between Seck's asylum application and his testimony regarding the dates of his arrests and whether he returned to Mauritania after his forced expulsion. However, corroboration is not required in order to establish credibility. *Diallo v. INS*, 232 F.3d 279, 287–88 (2d Cir.2000). In this case, Seck's story is corroborated somewhat by the State Department Country Reports in the record, which document that, during the period between 1989 and 1991, the White Moor majority in power in Mauritania subjected blacks from the southern part of the country, such as Seck, to arbitrary arrest and detention, property confiscation, torture, and forced expulsion, and killed over 500 black members of the military. The IJ did not elaborate on what corroboration for his claims Seck should have furnished. The IJ also concluded that Seck had not established that his mistreatment was on account of one of the protected grounds. This conclusion is difficult to accept. given Seck's

membership in the race targeted by the Mauritanian government for persecution.

■ However, the IJ also held that, even if Seck had established that he had been subjected to persecution on one of the protected grounds, he would not be entitled to relief because of changed conditions in Mauritania. Where past persecution has been established, a rebuttable presumption of a well-founded fear of future persecution arises. *Ouda v. INS,* 324 F.3d 445, 452 (6th Cir.2003); *Mikhael v. INS,* 115 F.3d 299, 303 (5th Cir.1997). The presumption of future persecution may be rebutted by evidence of a change in country conditions. *Woldemeskel v. INS,* 257 F.3d 1185, 1189 (10th Cir.2001). In this case, the country reports of record establish such a change in Mauritania, as the United Nations High Commissioner for Refugees has determined that there is no longer any impediment to the return of refugees from the 1989–1991 abuses. A decision denying asylum relief may be reversed only where the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *Elias–Zacarias,* 502 U.S. at 484. The record in this case does not meet this standard. Furthermore, because Seck failed to establish eligibility for asylum, he necessarily did not meet the more stringent standard for withholding of removal. *Koliada v. INS,* 259 F.3d 482, 488–89 (6th Cir.2001).

For the above reasons, the petition for review is denied.